■ GEORGE MILLER, Respondent, v PATRICK J. MURPHY et al., Appellants. [708 NYS2d 86] — Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered December 5, 1997, which, *inter alia,* confirmed the Report of a Special Referee dated March 11, 1997 and thereupon adjudged defendants to be in contempt of the court's order entered February 8, 1995, directing each defendant to provide an accounting of plaintiff's investment in Lone Star Associates (LSA), a limited partnership, unanimously affirmed, with costs.

The finding of civil contempt against defendants is adequately supported by the record, which demonstrates that defendants Kips Bay Associates (KBA) and Patrick Murphy, the general partner of both KBA and LSA, both willfully failed to render an accounting as directed by the court's prior order, notwithstanding documentary proof that plaintiff made payment of his LSA investment into KBA by endorsing a check to KBA, which Mr. Murphy accepted. With regard to LSA, a failed venture, a review of the papers comprising LSA's purported accounting, and the hearing testimony before the Special Referee, supports the IAS Court's conclusion that LSA did not properly account, as so ordered. Plaintiff's expert, an attorney and CPA whose testimony was credited by the Special Referee, persuasively set forth the patent inadequacy of LSA's accounting, which, as the expert testified, was devoid of necessary supporting documentation; indeed, defendant Murphy acknowledged that the documentation offered in support of the proffered accounting did not meet generally accepted accounting standards. It is also plain from the hearing evidence that defendants' failure to account properly in accordance with the IAS Court's order was calculated to impede, prejudice and/or defeat plaintiff's right to a proper fiduciary accounting, and to frustrate his rightful recovery of allegedly misappropriated investment monies (*see, Matter of McCormick v Axelrod,* 59 NY2d 574, 583). We note in the latter connection that while the record indicates Mr. Murphy's purported investment interest in LSA, denominated a loan, was repaid in full to Mr. Murphy's alter ego, KBA, plaintiff received no recoupment of his investment. Concur—Nardelli, J. P., Tom, Rubin, Andrias and Buckley, JJ.